IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID LEE HALL,                    )
                                   )        Civil No. 02-1289-JE
            Petitioner,            )
                                   )
        v.                         )
                                   )
JEAN HILL,                         )
                                   )        FINDINGS AND RECOMMENDATION
            Respondent.            )

        Tonia L. Moro
        Assistant Federal Public Defender
        15 Newtown Street
        Medford, Oregon 97501

            Attorney for Petitioner

        Hardy Myers
        Attorney General
        Lester R. Huntsinger
        Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97310

            Attorneys for Respondent

///

        1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his underlying state convictions for Robbery, Assault, and Menacing. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#65) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On September 12, 1995, petitioner approached Lawrence King and Vickie Smith at a bus stop and asked them for money. King told petitioner that he had no money and, feeling threatened, retreated into the street. Petitioner followed King into the street and stabbed him in the side.

Petitioner next approached Smith, knife in hand, and following a brief struggle, grabbed her purse and fled. Christopher Hodges, responding to Smith's calls of distress and witnessing others in pursuit of petitioner, gave chase. Petitioner stumbled and fell as Hodges drew closer to him. When Hodges approached, petitioner pulled his knife and threatened to cut Hodges. Hodges stopped and petitioner was able to run away.

The Multnomah County Grand Jury returned an indictment charging petitioner with two counts of Robbery in the First Degree, Assault in the Second Degree, and Menacing. Respondent's Exhibit 102. A jury found petitioner guilty on all counts. The court

imposed consecutive 90-month sentences for each Robbery count and a consecutive 70-month sentence for Assault in the Second Degree. Respondent's Exhibit 101. In addition, the court imposed a concurrent 12-month sentence for Menacing.

Petitioner directly appealed his sentence, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review. State v. Hall, 147 Or. App. 244, 936 P.2d 405 (1997), rev. denied 326 Or. 389, 952 P.2d 62 (1998).

Petitioner next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Respondent's Exhibit 124. The Oregon Court of Appeals affirmed the PCR trial court without a written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 128-133.

On September 17, 2000, petitioner filed the current action. Petitioner's grounds for relief as set forth in his Amended Petition can be characterized as follows:

1.  The trial court erred in failing to grant petitioner's motion for judgment of acquittal on Count 1, Robbery in the First Degree, because the evidence did not support an inference that defendant possessed the requisite mental state to have committed a robbery when he stabbed King;

2.  Trial counsel was ineffective when she:

    (a)  Failed to make proper motions and requests when the alleged victim, Vickie Smith, did not appear for trial;

    (b)  Failed to raise proper objections to the court's imposition of illegal, consecutive sentences; and

> (c) Failed to ensure petitioner was tried before a jury of his peers;

3.   Appellate counsel was ineffective when he:

> (a) Failed to raise the <u>Miranda</u> violations;
>
> (b) Failed to raise and preserve as error the improper identification of petitioner by Lawrence King at trial;
>
> (c) Failed to properly raise as error the identification of petitioner by a bystander witness (David Blowers) at trial because that identification was:
>
>> (1) Tainted or improperly suggested by the prosecutor; and
>>
>> (2) Tainted by a suggestive crime scene identification; and
>
> (d) Failed to properly raise as error the admission of suggestive crime scene identification evidence; and

4.   The trial court imposed an excessive and illegal sentence when it imposed consecutive sentences in violation of ORS § 137.123.

Respondent asks the court to deny relief on the Amended Petition because: (1) petitioner's Grounds 2(c) and 3(a) were not traversed in petitioner's supporting memorandum and are therefore waived; (2) Grounds 2(b), 3(b), 3(c)(1)&(2), 3(d), and (4) were not fairly presented to the state courts and are now procedurally defaulted; (3) the state court findings are entitled to deference; and (4) all claims lack merit.

///

///

///

**DISCUSSION**

**I.   Improperly Raised and Unargued Claims**.

In his supporting memorandum, petitioner attempts to add an additional claim alleging ineffective assistance of trial counsel for failure to object to the admission of hearsay statements of Vickie Smith giving rise to a confrontation clause violation pursuant to <u>Crawford v. Washington</u>, 124 S.Ct. 1354 (2004). Because petitioner did not raise this claim in his Amended Petition, it is not properly before the court. <u>See</u> Rule 2 of the Rules Governing § 2254 Cases (requiring all claims to be stated in the Petition, itself); <u>Cacoperdo v. Demosthenes</u>, 37 F.3d 504, 507 (9th Cir. 1994)("A Traverse is not the proper pleading to raise additional grounds for relief. In order for the State to be properly advised of additional claims, they should be presented in an amended petition or . . . as a statement of additional grounds.") The newly raised claim should therefore be denied.

With respect to Grounds 2(c) and 3(a), petitioner does not provide argument to support the merits of those claims. The court has nevertheless reviewed the record as to those claims and determined that they would not entitle petitioner to relief. <u>See</u> 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence

that they are not true.").  Whitley, 505 U.S. 333, 337 (1992);

Murray v. Carrier, 477 U.S. 478, 485 (1986).

**I.    Exhaustion and Procedural Default.**

Respondent contends that petitioner failed to fairly present the following claims to the Oregon state courts and that they are now procedurally defaulted:  Grounds 3(b) and 3(c)(1)(claims of ineffective assistance of appellate counsel for alleged failure to raise and preserve as error the in-court identifications of petitioner as improperly suggested by the prosecutor); Ground 4 (claim that the trial court's imposition of consecutive sentences was illegal); Ground 2(b)(claim of ineffective assistance of trial counsel for failure to object to the imposition of consecutive sentences); and Grounds 3(c)(2) and 3(d)(claims involving the admission of evidence allegedly tainted by suggestive crime scene identifications).

**A.    Standards.**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims.  Rose v. Lundy, 455 U.S. 509, 519 (1982).  "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful

opportunity to consider allegations of legal error.'" <u>Casey v.</u> <u>Moore</u> 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting <u>Vasquez v.</u> <u>Hillery</u>, 474 U.S. 254, 257, (1986)).  If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review.  <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all.  <u>Edwards v.</u> <u>Carpenter</u>, 529 U.S. 446, 451 (2000); <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).  If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence.  <u>Gray v. Netherland</u>, 518 U.S. 152, 162 (1996); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 337 (1992); <u>Murray v. Carrier</u>, 477 U.S. 478, 485 (1986).

B.  **<u>Analysis</u>**.

Petitioner's Grounds 3(b) and 3(c)(1) relate to appellate counsel's alleged failure to raise and preserve as error the in-court identifications of petitioner by Lawrence King and bystander witness (Blowers).  Ground 3(b) pertains to appellate counsel's

alleged failure to raise and preserve as error King's in-court identification of the petitioner as improperly suggested by the prosecutor. Ground 3(c)(1) focuses on appellate counsel's alleged failure to properly raise as error admission of the in-court identification of the petitioner by Blowers as tainted or improperly suggested by the prosecutor. By contrast, petitioner's PCR Appellant's Brief focused only on appellate counsel's failure to "(a) raise the issue of petitioner's sentencing under Measure 11 and the unconstitutional application of Measure 11 on Petitioner as a minority; (b) Raise the issue of the illegal and unconstitutional seizure of petitioner by the police; and (c) challenge the court's ruling on motions to suppress." Id at 23-34.

In his motions to suppress, petitioner argued that the crime scene identifications were fruit of an illegal seizure, that the show up procedure used to identify petitioner was suggestive and unreliable, and that any in-court identifications of petitioner were tainted by the suggestive show up procedure. However, claims 3(b) and 3(c)(1) are limited to allegations of improperly suggestive prosecutor conduct and the tainting effect such conduct had on those in-court identifications. Petitioner's PCR Appellant's Brief makes no reference to the in-court identifications as flowing from improper and suggestive prosecutorial conduct. Instead, the brief focuses on allegations of improper seizure and a suggestive show up procedure.

Accordingly, Grounds 3(b) and 3(c)(1) were not properly exhausted and are now procedurally defaulted.

In Ground Four, petitioner alleges the trial court imposed an excessive and illegal sentence when it imposed consecutive sentences. The PCR trial court did not consider the merits of this claim because, in Oregon, barring narrow exceptions not applicable here, trial court errors must be raised during direct review. <u>See</u> Respondent's Exhibit 126, Attachment 2, p. 5; <u>Palmer v. State</u>, 318 Or. 352, 354, 867 P.2d 1368 (1994). During his direct review, petitioner challenged only one aspect of his sentence: whether Measure 11, Oregon's mandatory minimum sentencing scheme, was constitutional. Petitioner failed to raise his claims regarding the allegedly excessive and illegal sentence during his direct review. Respondent's Exhibits 103 & 105. Because this claim was not raised in a procedural context in which its merits were considered, it was not properly exhausted and is now procedurally defaulted.

Petitioner has not excused his default by proving cause or prejudice, or making a colorable showing of actual innocence. Because the aforementioned claims are procedurally defaulted, this court will not examine the merits of those claims. With respect to Grounds 2(b), 3(c)(2), and 3(d), the court need not determine whether they were fairly presented to Oregon's state courts because, as discussed below, these claims are without merit. <u>See</u> 28 U.S.C. § 2248(b)(2)("An application for writ of habeas corpus may be denied

on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

III. **The Merits**.

    A.   **Standard of Review**.

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but

unreasonably applies that principle to the facts of the prisoner's case." Id at 413.  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id at 410.  The state court's application of clearly established law must be objectively unreasonable.  Id at 409.

   **B.   Ground One:  Requisite Mental State**.

   In Ground One, petitioner alleges that the trial court erred in not granting his motion for judgment of acquittal on the Robbery in the First Degree (Count 1) charge because the evidence did not support an inference that he possessed the mental state necessary to have committed a robbery at the time he stabbed King.  The parties agree and the court finds that the critical inquiry on review of sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979)(citing Johnson v. Louisiana, 406 U.S. 356, 362 (1972)).

   Petitioner contends that to convict him on Count 1, the prosecution must have presented evidence of his intent to take property from King before or during his assault on him.  Petitioner maintains the prosecution failed to present evidence linking his request for money from King with the later assault, i.e., failed to present evidence that petitioner had the intent to commit theft when

he stabbed King.  Respondent counters that a reasonable fact finder could infer petitioner's intent to rob King at the time of the stabbing from petitioner's use of force to steal Smith's purse immediately afterwards.  Response to Petition (#20), p. 12.

The trial court denied petitioner's motion for judgment of acquittal on Count 1.  In doing so, the court provided the following rational:

> There is no magic phrase that makes something a robbery. It seems to me it's a matter of inferences that may be logically drawn from the evidence that's presented.  In other words, a bank robber could say, would you please fill my bag with money, but if under the circumstances the teller thought that there was a threat of force, notwithstanding the words used, it would probably still be a robbery and not a request for a donation.  And I don't mean to take light of this, but I think that under these circumstances the jury may not necessarily agree with the indicted charge, but I think there is sufficient evidence to support a logical inference they could draw from the evidence.

Trial Transcript, Volume III, p. 393.  The trial court reasoned that a reasonable juror could logically infer from the evidence that petitioner had the intent to commit theft when he asked King for money prior to following him into the street and stabbing him.  The court agrees with the analysis of the trial court because the record contains sufficient evidence, including King's testimony that he felt threatened when petitioner asked him for money, to support an inference that petitioner intended to rob King from the outset of his encounter with him.  In any event, the court does not find that

the trial court's application of <u>Jackson</u>, the relevant clearly established federal law, was objectively unreasonable.

**C.    <u>Ineffective Assistance of Trial Counsel</u>.**

1.    <u>Ground 2(a):  Absence of Victim at Trial</u>.

In Ground 2(a), petitioner alleges that trial counsel was unconstitutionally ineffective when he failed to move for judgment of acquittal based on Vickie Smith's failure to appear at trial.[1] The Supreme court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel.    First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. <u>Strickland v. Washington</u>, 466 U.S. 668, 686-687 (1984).  Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." <u>Id</u> at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense.    The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u> at 694.

---

[1]    Notably, trial counsel did move for a directed verdict of acquittal on the basis that the evidence was insufficient to establish petitioner's use of a knife to steal Smith's purse. Trial Transcript, Volume IV, pp. 388-92.

A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial.  Id at 696.

The PCR trial court made the following pertinent conclusions of law:

* * *

    3.  Petitioner's sentence was legal and proper.

    5.  Based on the findings of fact set forth above, and as set forth in the Attorney General's trial memorandum, as to the underlying criminal proceedings resulting in Petitioner's conviction, Petitioner was not denied the right to assistance of counsel, as guaranteed by * * * the United States Constitution as articulated by the United States Supreme Court in *Strickland v. Washington*, 466 US 668 (1984). . . .

    6.  To prevail on a claim for post conviction relief (PCR), a petitioner must establish not only the denial of a constitutional right, but also that prejudice resulted from the denial.  *Washington v. Johnson*, 165 Or App 578 (2000); *Trujillo v. Maass*, 312 Or 431, 436-37, 822 P2d 703 (1991).  Petitioner failed to demonstrate that any prejudice resulted from the issues raised.

    7.  Petitioner presented no evidence that would clearly have a tendency to affect the result of the prosecution.

    8.  Trial Counsel's representation, and presentation of issues, evidence and defenses, and other matters were within the scope of tactical choice. *Strickland v. Washington*, 466 US at689; *see also, Krummacher v. Gierloff*, 290 Or 867, 874-75 (1981).

    9.  Trial Counsel demonstrated reasonable professional skill and judgment.

    12.  Trial Counsel properly objected to preserve issues for appeal.

Respondent's Exhibit 126, Attachment 2, pp. 5-7.

The PCR trial court, in its adoption of the reasoning set forth in the Attorney General's Trial Memorandum (Respondent's Exhibit 116, p. 9), found that Smith's presence at trial was not required to convict petitioner of robbing Smith because other witnesses presented sufficient testimony to create a jury question as to whether the prosecution had proven the elements of that crime. This finding is supported by the record.

David King testified that after petitioner stabbed him, petitioner went over and threatened Smith. Trial Transcript, Volume III, p. 259. Daniel Buck testified that he saw petitioner confront Smith, struggle with her in an effort to seize her purse, grab the purse, and flee while still holding a knife. Buck further testified that Smith looked scared and nervous. Id at 273-83. In addition, David Blowers, the Tri-Met driver who called police at the time of the incident, was an eye witness to petitioner's confrontation with Smith. Trial Transcript, Volume II, pp. 228-29.

Because Smith's presence at trial was not required in order to create a jury question as to whether the prosecution had proven the elements of Robbery in the First Degree as to Smith, counsel was under no duty to move the court for a judgment of acquittal. Accordingly, counsel's performance did not fall below an objective standard of reasonableness.

///

///

2. <u>Ground 2(b): Illegal Consecutive Sentences</u>.

In Ground 2(b), petitioner alleges that trial counsel was constitutionally ineffective when he failed to object to the trial court's imposition of consecutive sentences for his Robbery and Assault convictions. He alleges that counsel should have objected to the court's imposition of consecutive sentences because the evidence was insufficient to overcome the presumption that sentences on multiple counts committed at the same time should run concurrently pursuant to ORS § 137.123 (1), (2). Petitioner argues that the court could not have determined on the facts presented at trial that the assault of King was not merely incidental to the robbery, or that it caused or created a risk of greater or different harm to the victim. Petitioner argues that the court adopted the State's erroneous view of the facts when it ruled:

> And I cannot find that the stabbing is merely an incidental violation of a separate statutory provision. It is a separate crime and could be the more serious. In this case, it did not produce a serious injury as one frequently encounters. But it is an indication of Mr. Hall's willingness to commit more than one criminal offense. And also that it did cause greater and qualitatively different injury, in that the robbery was complete when he attempted to obtain money from him and the victim told him he didn't have any money. The stabbing was an entirely different kind of injury.

Memo in Support (#39), pp. 27-29.

Petitioner's substantive challenge to the imposition of consecutive sentences is argued as a stand alone due process claim, not an ineffective assistance of counsel claim. In fact,

petitioner details trial counsel's significant efforts to persuade the court that consecutive sentences were unwarranted. First, petitioner, through trial counsel, moved for merger of the Robbery and Assault counts, arguing that ". . . both Counts 1 and 3 had the element of the 'use of a dangerous weapon' and that Mr. Hall's use of a knife was simultaneous for the purposes of the robbery and the assault." Id at 28.

In addition, trial counsel specifically "opposed the government's recommendation for consecutive sentences arguing that the use of the weapon was an element for both the robbery and the assault and therefore consecutive sentences are unwarranted to ORS 137.123." Id. Seemingly, petitioner seeks to disguise a defaulted due process claim as one of ineffective assistance of counsel. Petitioner's claim fails under the deficient performance prong of Strickland because trial counsel adequately objected to the court's imposition of consecutive sentences and moved for merger of the Robbery and Assault charges.

For all the foregoing reasons, the PCR trial court's determination that petitioner was not denied the right to effective assistance of counsel is neither contrary to, nor an unreasonable application of, clearly established federal law.

///

///

///

D.    **Ineffective Assistance of Appellate Counsel**.

Petitioner claims that his direct appellate attorney was constitutionally ineffective when he failed to assign error to the in-court identification of petitioner by witness Blowers as being tainted by suggestive crime scene identifications, as well as the admission of suggestive crime scene identification evidence.  A petitioner wishing to bring a <u>Strickland</u> claim based on his appellate attorney's failure to raise a particular claim must not only show that the claim had merit, but must also demonstrate that the omitted claim was "clearly stronger than issues that counsel did present." <u>Smith v. Robbins</u>, 528 U.S. 259, 288 (2000).  The PCR trial court concluded that "[p]etitioner has not shown that Appellate Counsel was ineffective."  Respondent's Exhibit 126, Attachment 2, p. 7.

Respondent concedes that the crime scene identification procedure was suggestive, but contends that in determining whether such procedure rose to the level of a rights violation requires the court to first consider the "'totality of the facts,' including 'the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and confrontation.'"  Respondent's Reply (#43), pp. 27-28 (quoting <u>Neil v. Biggers</u>, 409 U.S. 188, 199

(1972)). Furthermore, a jury should decide the identification
issue unless the court finds "a very substantial likelihood of
irreparable misidentification." Id at 28 (quoting Simmons v. United
States, 390 U.S. 377, 384 (1968)).

Here, the criminal trial court denied trial counsel's motion
to suppress the crime scene identifications:

> I'm going to conclude here that the -- that these were
> not even unnecessarily suggestive procedures. One of the
> people who made an identification at the scene didn't
> even realize that the defendant was there until he looked
> up and saw he was being put back in the car. . . . In
> this case it seems to me that this is one of the least
> likely of tainting that I have seen, in that the bus
> driver didn't even realize there was a person there, he
> looked up and not only didn't realize it, but was
> astounded, in his words, that the personal [sic] had been
> apprehended.

Trial Transcript, Volume I, pp. 161-63.

Petitioner cannot show that the trial court erroneously failed
to conclude there was a substantial likelihood of misidentification
due to the crime scene identification procedure. Given the trial
court's confidence in the crime scene identifications, an appellate
court would likely have concluded that a challenge to the admission
of the crime scene identifications here lacked merit. Moreover,
petitioner has not demonstrated that such claims are clearly
stronger than the claims of error appellate counsel did raise,
namely that the trail court erred in: 1) failing to grant
petitioner's motion for acquittal on the Count 1 Robbery charge for
failure to prove the mental state element of that crime, and

19 - FINDINGS AND RECOMMENDATION

2) sentencing petitioner under Ballot Measure 11 because it is unconstitutional. Appellate counsel therefore was not ineffective when he did not raise the crime scene identification claims on appeal.

For these reasons, the PCR trial court's decision that petitioner was not denied the right to effective assistance of appellate counsel is neither contrary to, nor an unreasonable application of, clearly established federal law.

## RECOMMENDATION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#65) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in

order of judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this  13th  day of January, 2006.

                          /s/ John Jelderks
                          John Jelderks
                          United States Magistrate Judge