IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID L. HALL,   CV-02-1289-JE

        Petitioner,   ORDER

v.

JEAN HILL,

        Respondent.

HAGGERTY, Chief Judge.

On January 13, 2006, Magistrate Judge Jelderks issued a Findings and Recommendation (#79) that petitioner's Amended Petition for Writ of Habeas Corpus (#65) should be DENIED and judgment should be entered DISMISSING this case with prejudice. Petitioner has filed timely objections (#80) and this matter is now before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by a Magistrate Judge. 28 U.S.C. § 636(b)(1). Within ten days of being served with a copy of the Findings and Recommendation, any party may file written objections

1 - ORDER

and the court shall make a *de novo* determination of those portions of the Findings and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The court has reviewed the record *de novo,* has considered petitioner's objections and, for the reasons below, adopts the Findings and Recommendation in its entirety.

## DISCUSSION

Magistrate Judge Jelderks carefully stated the facts of this case and the claims raised in petitioner's Amended Petition and there is no need to repeat them here. The court addresses the following Findings to which petitioner objects:

1. Petitioner next approached [victim] Smith, knife in hand. (F&R at 2).

Petitioner challenges this Finding because the trial testimony does not identify where the knife was when petitioner allegedly approached Smith. The testimony, however, indicates petitioner stabbed victim King with a knife (Tr. 259-262, 264). Shortly thereafter, a witness who had approached King and learned he had been stabbed saw a man he subsequently identified as petitioner pull at Smith's purse and start to run away with the purse. At that point, the witness saw a knife in the assailant's hand. (Tr. 282-283). The trial testimony is circumstantial evidence sufficient to support the magistrate judge's finding. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979)(The evidentiary standard is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). *See also Williamson v. Jones*, 936 F.2d 1000, 1003 (8th

Cir. 1991)(The elements of the crime may be proven by circumstantial evidence.). Petitioner's objection is not well-founded.

2. A new Confrontation Clause claim was improperly added. (F&R at 5).

Petitioner argued in his supporting memoranda that trial counsel was ineffective in failing to object to a Confrontation Clause violation when hearsay statements of victim Smith were admitted as evidence even though Smith did not appear at trial and was not shown to be unavailable. Magistrate Judge Jelderks found petitioner did not raise that claim in his Amended Petition and, therefore, it was not properly before the court.

Petitioner characterizes his claim as "trial counsel was ineffective because he failed to make proper motions, including objecting to the admission of hearsay statements of Ms. Smith, who did not show up for trial." The allegations in his Amended Petition do not support petitioner's characterization or his argument. In the Amended Petition he alleges:

> The post-conviction trial court erred in denying petitioner's Claim for post-conviction relief, since the petitioner was subject to inadequate assistance of counsel who failed to make proper motions and requests when the alleged victim, Vickie Smith, did not appear for trial.

Amended Petition, ¶ 12(B), Ground 2, Assignment of Error #1.

Petitioner does not state what motions or "requests" counsel should have been made. In any event, petitioner's own characterization of his claim suggests an evidentiary objection based on hearsay that may give rise to a claim under the Oregon Constitution, but not necessarily under the Confrontation Clause in the Sixth Amendment to the United States Constitution. *See State v. Kitzman*, 323 Or. 589, 605 (1996)("[I]n a criminal proceeding, if a living witness is not declared incompetent by a trial court, and that witness' hearsay statements are admitted at trial as evidence

against the defendant, the defendant's rights under Article I, section 11, of the Oregon Constitution, are violated.").

Moreover, petitioner's argument that he properly alleged a federal Confrontation Clause claim, even if accepted, does not avail him. In *Crawford v. Washington,* 531 U.S. 36, 68 (2004), the Supreme Court held that testimonial statements "that were made under circumstances which would lead an objective eyewitness to believe that the statement would be available for use at a later trial" are subject to the Confrontation Clause. Such statements include "at a minimum . . . prior testimony at a preliminary hearing, before a grand jury, or at a former trial, and to police interrogations." *Id.* Smith's hearsay statement "He stole my purse" was in the nature of an excited utterance, and was not "testimonial" under any definition.

Finally, even if the hearsay testimony should have been excluded, it was harmless error for trial counsel not to move to exclude in light of the direct eyewitness testimony regarding petitioner's attempt to steal Smith's purse. Tr. 280-283. *See Brecht v. Abrahamson,* 507 U.S. 619, 623 (1993)("The standard for determining whether habeas relief must be granted is whether the . . . error 'had substantial and injurious effect or influence in determining the jury's verdict.'"). (Internal citation omitted).

In summary, the court concurs in Magistrate Judge Jelderks' Finding that petitioner's federal Confrontation Clause argument was not raised in his Amended Petition. In any event, such a claim lacks merit.

> 3. <u>Petitioner's ineffective assistance of Appellate Counsel claim regarding improper in-court identifications of petitioner by one of the victims and and a bystander witness is procedurally defaulted. (F&R at 7-8).</u>

This claim is stated as Ground 4 in petitioner's Amended Petition as follows:

4 - ORDER

> Petitioner was denied effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution when counsel failed to raise as error the admission of the suggestive crime scene identification and the in-court identification of the bystander witnesses which were either tainted or improperly suggested by the prosecution.

Amended Petition, ¶ 12(D), Ground 4, Assignment of Error #1.

Petitioner asserts the magistrate judge mischaracterized this claim, limiting it to allegedly tainted in-court identifications and ignoring that part of the claim asserting that bystander witness identifications at the crime scene were also tainted by a suggestive show-up procedure. Petitioner argues his Amended Petition in fact "raises the appellate counsel's error in failing to assign error to the trial court's denial of [petitioner's] motions to suppress," which addressed not only the supposedly tainted in-court identifications but also the suggestive crime-scene identifications.[1]

As limited to the in-court identifications, the court concurs in Magistrate Judge Jelderks' Finding that petitioner did not fairly present his in-court identification claims involving prosecutorial misconduct on appeal at the state court level because petitioner did not raise that issue on his post-conviction relief appeal. Petitioner's prosecutorial misconduct claims are procedurally defaulted.

   4. <u>Petitioner was not denied effective assistance of appellate counsel based on the failure to object to the admission into evidence of suggestive crime scene identifications (F&R at 18-20)</u>.

This is the claim petitioner asserts the magistrate judge ignored. Nevertheless, petitioner

---

[1] Magistrate Judge Jelderks did not ignore the crime-scene identification aspect of the claim but, instead, addressed it separately. This court also addresses that aspect of the claim separately.

5 - ORDER

objects "to the magistrate's deference to the trial court's conclusion that the bystander witness's show up identifications were not tainted," noting that even respondent conceded the show-up procedure at the crime scene was suggestive.

Magistrate Judge Jelderks acknowledged respondent's concession. He agreed, however, with the trial court's denial of the motion to suppress the identifications on the ground "there was no substantial likelihood of irreparable misidentification" resulting from the suggestive procedure. *See U.S. v. Beck*, 418 F.3d 1008, 1012 (9th Cir. 2004) ("Suppression of such evidence is appropriate only where the [identification procedure] was 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'")(*quoting Simmons v. United States*, 390 U.S. 377, 384 (1968)). This court finds no error in that Finding.

    5. <u>Petitioner procedurally defaulted his claim that the trial court improperly imposed consecutive sentences (F&R at 9)</u>.

Magistrate Judge Jelderks found petitioner was procedurally defaulted from asserting trial court error in his sentencing because he did not directly appeal the trial court's imposition of consecutive sentences. He also found the procedural default was not excused because petitioner failed to make a colorable showing of actual innocence.

Petitioner, however, contends the post-conviction court actually ruled on the merits of this claim, noting it found "Petitioner's sentence was legal and proper and petitioner received fair and impartial hearings." Resp. Mem., Ex. 126, Memorandum of Opinion at 8. Accordingly, the claim of trial court error was not procedurally defaulted.

Petitioner is incorrect. The post-conviction court relied on *Palmer v. v. State,* 318 Or. 352, 354 (1991), as did Magistrate Judge Jelderks, in finding that petitioner's claim of trial court error in sentencing was procedurally barred because the claim was not asserted on direct appeal.

6 - ORDER

This court finds no error with that Finding. *See Walton v. Thompson*, 196 Or. App. 335, 339 (2004), *rev. denied,* 338 Or. 375 (2005)(defendant was not entitled to post-conviction relief because he failed to establish that the challenge to a consecutive sentence could not have been raised on direct appeal).

6. <u>Trial counsel adequately objected to the trial court's imposition of consecutive sentences</u>.

Petitioner also asserts trial counsel was ineffective in failing to object to consecutive sentences on the Robbery and Assault convictions. Magistrate Judge Jelderks rejected that claim, finding trial counsel adequately objected to consecutive sentences by moving for merger of the Robbery and Assault counts based on the simultaneous use of the same dangerous weapon, as well as arguing the use of a weapon was an element for both crimes. The court finds no error with this Finding.

7. <u>The trial court's finding that petitioner possessed the mental state necessary to commit robbery was objectively reasonable</u>.

At trial, petitioner moved for a judgment of acquittal on the Robbery count on the ground there was no evidence he possessed the requisite mental state necessary to commit robbery when he stabbed victim King. Before the stabbing, petitioner asked King for money. King testified he felt threatened after petitioner asked him for money and he told petitioner he had no money. At that moment, petitioner had not specifically threatened King with a knife. Petitioner stabbed King after King backed away from him.

The trial court denied the motion, stating "under these circumstances the jury may not necessarily agree with the indicted charge, but I think there is sufficient evidence to support a logical inference they could draw from the evidence." Magistrate Judge Jelderks found a

7 - ORDER

rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime of robbery beyond a reasonable doubt, and that the trial court's denial of the motion for judgment of acquittal was objectively reasonable. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979). The court finds no error with this ruling.

## **CONCLUSION.**

For these reasons, the court adopts Findings & Recommendation (#79) as its own. Plaintiffs' Second Petition for Writ of Habeas Corpus (#65) is DENIED, and this case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 14   day of August, 2006.

                                                /s/Ancer L.Haggerty
                                                    Ancer L. Haggerty
                                            United States District Judge